```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```
_____

KEYUNA CAMERON,                  )
                                 )
     Plaintiff,                  )
                                 )
v.                               )      No. 17-cv-2455-SHL-tmp
                                 )
                                 )
SOUTHWEST TENNESSEE COMMUNITY    )
COLLEGE,                         )
                                 )
     Defendant.                  )
_____

**REPORT AND RECOMMENDATION**
_____

Before the Court is defendant Southwest Tennessee Community College's ("Southwest") Second Motion to Dismiss, filed on January 3, 2018. (ECF No. 16.) *Pro se* plaintiff Keyuna Cameron initially filed a complaint on June 29, 2017. (ECF No. 1.) Cameron also filed a motion to proceed *in forma pauperis*, which the undersigned granted. (ECF Nos. 2 & 7.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the following reasons, the undersigned recommends that the motion be denied.

Southwest first moved to dismiss Cameron's complaint on September 15, 2017, arguing that while it was served with the summons and the complaint, service of process was insufficient

because the Federal Rules of Civil Procedure and the Tennessee Rules of Civil Procedure mandate that service shall be made upon the state of Tennessee or any agency thereof by delivering a copy of the summons and the complaint to the attorney general. (ECF No. 10.) The undersigned ordered the Clerk to re-issue process for Southwest and deliver the process to the Marshal for service, and concurrently recommended that Southwest's motion to dismiss be denied without prejudice. (ECF Nos. 12 & 13.) District Judge Lipman thereafter adopted the report and recommendation and denied Southwest's motion. (ECF No. 15.) The Clerk re-issued summons, however there is no indication in the record that service has been properly executed by the Marshal. (ECF No. 14.)

In its present motion, Southwest again asserts that the original summons served upon the Southwest does not comply with the applicable rules of civil procedure, and also argues that the time to properly effect service has now passed. See Fed. R. Civ. P. 4(j)(2); Tenn. R. Civ. P. 4.04(6). Federal Rule of Civil Procedure Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The United States Marshal is charged with effecting service of process in a case in which the plaintiff is

-2-

permitted to proceed *in forma pauperis*. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); LR 4.1(b)(3)(B). Thus, Cameron is not responsible for the failure to properly serve Southwest, and the undersigned finds good cause for the alleged failure to properly and timely serve Southwest. See Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996) ("Together, Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding *in forma pauperis* the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.") (internal citations omitted); Canady v. APAC, Inc., No. 09-2509-STA, 2010 WL 1957266, at *2 (W.D. Tenn. May 12, 2010). The undersigned has again separately ordered the Clerk to re-issue service of process with instructions for proper service in accordance with the Federal and Tennessee Rules of Civil Procedure. (ECF No. 17.) Accordingly, it is recommended that Southwest's second motion to dismiss be denied.

    Respectfully submitted,

                                    s/ Tu M. Pham
                                    TU M. PHAM
                                    United States Magistrate Judge

                                    February 6, 2018
                                    Date

NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); LR 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**