```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF TENNESSEE
            WESTERN DIVISION
```

_____

| | |
|---|---|
| **KEYUNA CAMERON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 17-cv-2455-SHL-tmp |
| | ) |
| **SOUTHWEST TENNESSEE COMMUNITY** | ) |
| **COLLEGE,** | ) |
| | ) |
| Defendant. | ) |

_____

### REPORT AND RECOMMENDATION
_____

Before the court is defendant Southwest Tennessee Community College's ("Southwest") Motion for Summary Judgment, filed on April 10, 2018. (ECF No. 29.) *Pro se* plaintiff Keyuna Cameron's response to the motion was due on or before May 8, 2018. See LR 12.1(b). Because no response was filed by that date, the court entered an order to show cause, directing Cameron to respond by May 29, 2018. (ECF No. 33.) Cameron has not responded to date. For the reasons below, the undersigned recommends that Southwest's motion be granted.

### I.   PROPOSED FINDINGS OF FACT

Plaintiff Keyuna Cameron is an African-American female, who, at all relevant times relating to the allegations in this lawsuit, was an employee of Southwest. (ECF No. 1 at 1; No. 32 at 1.) Cameron was hired by Southwest in August of 2014 as a temporary instructor for the 2014-2015 school year. (Id.) The terms of

Cameron's employment letter, which she acknowledged by signature, stated that the position was temporary; the letter did not include any language indicating permanent or continuous employment after the expiration of the temporary term. (Id. at 1-2.) Thereafter, three candidates, including Cameron, were interviewed for a permanent position at Southwest. (Id. at 3.) The hiring committee at Southwest unanimously ranked the three candidates after their interviews, with Cameron ranking third. (Id.) Consequently, Cameron did not secure a permanent position at Southwest. (Id.) Cameron then filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 1-1 at 2.) The EEOC replied by letter on March 29, 2017, to inform Cameron of its findings that Cameron's employment had ended for non-discriminatory business reasons and that the evidence did not reveal that any employee was treated more favorably under similar circumstances, and advised Cameron of her right to sue. (ECF No. 1-1 at 3.)

Cameron thereafter filed a complaint in this court on June 29, 2017, alleging that she was subjected to unlawful discrimination and her employment was wrongfully terminated on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq. (ECF No. 1.) Cameron specifically states that "[Southwest]'s termination of Plaintiff was the adverse employment [action] that altered the terms and conditions of her employment." (Id. at 4.) On March 8,

-2-

2018, Southwest propounded a set of requests for admission upon Cameron. (ECF No. 30 at 4.) Cameron received the requests for admission on March 10, 2018. (Id.) The pertinent requests for admission provided as follows:

> **REQUEST FOR ADMISSION NO. 1:**
>
> Plaintiff Keyuna Cameron has no proof or evidence, whether direct or indirect, that her selection for a permanent employment position with Southwest Tennessee Community College was due to or a result of race discrimination.
>
> **REQUEST FOR ADMISSION NO. 2:**
>
> Plaintiff Keyuna Cameron's employment was never terminated by Southwest Tennessee Community College, but rather her temporary appointment as an instructor expired.

(ECF No. 31-3 at 11.) Cameron did not respond to the requests for admission within the allotted time. (Id. at 3.)

Southwest filed the present Motion for Summary Judgment on April 10, 2018. (ECF No. 29.) Cameron's response was due on or before May 8, 2018. See LR 12.1(b). Because Cameron did not respond to Southwest's motion by then, the court ordered Cameron to show cause as to why Southwest's motion should not be granted by May 29, 2018. (ECF No. 33.) Cameron did not respond.

Southwest asserts that the matters covered by its requests should be deemed admitted due to Cameron's failure to respond or otherwise provide any evidence to the contrary. (ECF No. 30 at 5.) Thus, Southwest asserts that no genuine issue of material fact exists as to whether Cameron was subject to employment

discrimination on the basis of her race in violation of Title VII, and that it is entitled to judgment as a matter of law. (Id. at 5-9.)

## II.   PROPOSED CONCLUSIONS OF LAW

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial burden to "demonstrate the absence of a genuine [dispute] of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National

-4-

Wildlife Fed'n, 497 U.S. 871, 888 (1990).  Rather, in order to defeat summary judgment, the party opposing the motion must present affirmative evidence to support its position; a mere "scintilla of evidence" is insufficient.  Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).  "In making this assessment, [the court] must view all evidence in the light most favorable to the nonmoving party." McKay v. Federspiel, 823 F.3d 862, 866 (6th Cir. 2016).

The record indicates that Cameron failed to timely respond to Southwest's requests for admission, even after an extension to the thirty-day deadline.  A matter addressed by written request for admission will be deemed admitted unless, within thirty days of being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its legal counsel.  Fed. R. Civ. P. 36(a)(3).  Because Cameron failed to respond, the matters within those requests are deemed admitted.  See Fed. R. Civ. P. 36(a)(3). Based on these admissions, there is no genuine dispute of material fact that Cameron has no proof or evidence that her selection for a permanent employment position with Southwest was due to or a result of race discrimination.  See Tennial v. United Parcel Serv., Inc., 840 F.3d 292, 302 (6th Cir. 2016) (stating that direct evidence of discrimination is defined as evidence that requires the conclusion

that unlawful discrimination was at least a motivating factor of the employer's actions).

Likewise, no genuine issue of material fact exists as to whether Cameron has indirect evidence to support her Title VII claim. When there is no direct evidence of discrimination, courts analyze whether there is indirect proof of discrimination using the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under this framework, the plaintiff bears the initial burden of proving all elements of her prima facie case of discrimination. Reeves v. Sanderson Plumbing Prod., 530 U.S. 133, 142 (2000). If the plaintiff satisfies this initial requirement, the burden shifts to the defendant to present sufficient evidence of a legitimate, nondiscriminatory reason for the employment actions. Id. After this, the presumption of discrimination drops out and the plaintiff must submit evidence that the legitimate reason for terminating employment was pretext for discrimination. Id. at 143.

Southwest is entitled to judgment as a matter of law because Cameron cannot establish a prima facie case of discrimination. To establish a prima facie case for employment discrimination, a plaintiff must establish that: (1) she is a member of the protected class; (2) she is qualified for her job; (3) she suffered an adverse employment action; and (4) she was treated differently from a similarly situated person outside of the protected class. Perry

v. McGinnis, 209 F.3d 597, 601 (6th Cir. 2000).  To satisfy the fourth element, a plaintiff must show that the individuals to whom she wishes to compare herself are "similarly situated in all respects."  Mitchell v. Toledo Hosp., 964 F.2d 577, 583 (6th Cir. 1992); see also Jackson v. VHS Detroit Receiving Hosp., Inc., 814 F.3d 769, 777 (6th Cir. 2016).  "Importantly, at the summary judgment stage of litigation, courts should not allow 'th[is] burden-shifting analysis [to] obfuscate the appropriate question — whether there exists a genuine issue of material fact.'"  Jackson, 814 F.3d at 776 (quoting Provenzano v. LCI Holdings, Inc., 663 F.3d 806, 813 (6th Cir. 2011)).

Viewed in a light most favorable to Cameron, no genuine issue of material fact exist as to whether Cameron was treated differently than similarly situated individuals outside of the protected class.  Cameron alleged that Marjorie Rothschild, Amanda Banker, and Ziba Hoosdaran, all white females, were hired as permanent employees following the expiration of their temporary employment.  (ECF No. 1 at 6.)  However, Cameron has failed to submit any evidence showing that any of these individuals were "similarly situated in all respects."  See Jackson, 814 F.3d at 777; Mitchell, 964 F.2d at 583.  Thus, no genuine issue of material fact exists as to (at least) element four of Cameron's prima facie

case, and accordingly Southwest is entitled to summary judgment on this basis.[1]

Even if Cameron could show a genuine issue of material fact as to a prima facie case of discrimination, summary judgment in favor of Southwest would still be appropriate.  Southwest asserts that race was never a factor in its decision to deny Cameron permanent employment; rather, Cameron was not hired because other candidates outperformed her in an interview.  (ECF No. 30 at 8; ECF No. 32 at 3.)  Cameron admits that she has no evidence that Southwest's decision was due to or a result of race discrimination.  Thus, no genuine issue of material fact exists as to whether Southwest's stated basis was pretext for discrimination.  Therefore, no genuine dispute of material fact exists, and summary judgment in favor of Southwest is warranted.  See Fed. R. Civ. P. 56(a); see also Anderson, 477 U.S. at 248.

---

[1] In the context of a failure to hire or failure to promote claim, the, at the fourth step, a plaintiff must demonstrate that she was rejected in favor of another person with similar qualifications who was not a member of her protected class.  See Wilson v. Cleveland Clinic Found., 579 F. App'x 392, 396 (6th Cir. 2014) (citing Nguyen v. City of Cleveland, 229 F.3d 559, 562-63 (6th Cir. 2000)) (stating standard for establishing a prima facie case for a failure to promote claim); Alexander v. CareSource, 576 F.3d 551, 559 (6th Cir. 2009) (stating standard for establishing a prima facie case for failure to hire claim).  To the extent Cameron intends to assert a claim under either of these theories, summary judgment in favor of Southwest would likewise be appropriate because Cameron has failed to submit any evidence regarding the qualifications of

### III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Southwest's motion for summary judgment be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

June 27, 2018
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

---

those individuals who were hired instead of her.